623 So.2d 975 (1993)
Lorene RECTOR, wife of/and H. Ronald Rector
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
Lorene RECTOR, wife of/and H. Ronald Rector
v.
BUSH CONSTRUCTION COMPANY, INC.
Nos. 89-CC-829, 90-CA-774.
Supreme Court of Mississippi.
August 5, 1993.
Gregg L. Spyridon, George J. Nalley, Jr., Piper D. Griffin, Hoffman Sutterfield Ensenat & Bankston, New Orleans, for appellants.
Michael C. Moore, Atty. Gen., John B. Runnels, Asst. Atty. Gen., John L. Clay, Sp. Asst. Atty. Gen., Jackson, for appellee in No. 89-CC-829.
John B. Clark, Katherine S. Baker, Daniel Coker Horton & Bell, Jackson, for appellee in No. 90-CA-774.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:
This matter is before the Court on appeals from orders granting a motion to dismiss to the Mississippi State Highway Commission and summary judgment to Bush Construction Company in a suit arising out of an accident allegedly caused by a defective condition of a highway. We are called upon to revisit the issue of sovereign immunity and to determine the applicability of the amended *976 statute of repose, Miss. Code Ann. § 15-1-41 (1972). Finding that the issue of sovereign immunity should be determined anew in light of the recent pronouncements of this Court, and that the ten-year statute of repose, rather than the amended six year version, applies to this cause of action, we reverse and remand for further proceedings.

I
This is a civil appeal from the Circuit Court of Forrest County, Mississippi, by Lorene and Ronald Rector, husband and wife, who are appealing the granting of a Rule 12(b)(6) motion to dismiss in favor of the Mississippi State Highway Commission. The lower court held that the doctrine of sovereign immunity barred the Rectors from maintaining an action against the state entity for damages resulting from an automobile accident on Highway 49 in Forrest County.
The accident in question occurred on November 20, 1986. The Rectors filed suit against the Mississippi State Highway Department, ABC Insurance Company, and XYZ Construction Company in Forrest County Circuit Court on October 8, 1987. Mississippi State Highway Commission made a motion for a change of venue to Hinds County, which was subsequently denied. A Rule 12(b)(6) motion to dismiss was filed by the Highway Commission on December 11, 1987, and the Rectors' opposition was filed on January 1, 1988. On January 25, 1988, the Rectors amended their complaint to include Bush Construction Company. A motion to intervene was filed by Home Insurance Company on February 29, 1988, to recover workers' compensation benefits which had been paid to Mr. Rector. The trial court granted this motion. On November 9, 1988, the Highway Commission filed an answer to the amended complaint with the court. The trial court granted the Highway Commission's Rule 12(b)(6) motion on June 26, 1989, thereby dismissing the Rectors' complaint. A notice of appeal was filed with this Court on July 17, 1989. In the other proceeding against Bush Construction, Bush filed its original answer, and months later petitioned the court to amend its answer to include the affirmative defense of statute of limitations. Bush contended that it did not have access to information in its file that would have alerted them to the issue, because the file was "misplaced." The trial judge allowed this amendment, and subsequently awarded summary judgment to Bush Construction on the basis of the statute of limitations having run. The aggrieved Rectors appeal on the following issues:
I. THE MISSISSIPPI STATE HIGHWAY COMMISSION SHOULD NOT BE CLOAKED WITH SOVEREIGN IMMUNITY.
II. THE CONTRACTOR, BUSH CONSTRUCTION, SHOULD NOT HAVE BEEN GRANTED SUMMARY JUDGMENT.
III. THE TRIAL JUDGE SHOULD HAVE APPLIED THE TEN-YEAR STATUTE OF LIMITATIONS RATHER THAN THE NEW SIX-YEAR STATUTE.
IV. BUSH CONSTRUCTION WAIVED THE AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS WHEN IT FAILED TO INCLUDE IT IN ITS ORIGINAL ANSWER.

II
Ronald Rector, a 39-year-old Harrison County resident, was a regional supervisor for Family Dollar Stores. On November 20, 1986, he was traveling north on Highway 49 toward Hattiesburg. In an attempt to pass another vehicle in the vicinity of Helveston Road and Camp Shelby, Rector allegedly encountered standing water on the highway, which caused his car to hydroplane off the road and into two pine trees. As a result of this accident, Rector suffered extensive head injuries, which rendered him permanently, totally disabled. The company car had a regular maintenance record and was equipped with relatively new tires.
About two weeks after the accident, an article was published in the Hattiesburg American, labeling the location of Rector's accident a "Death Stretch." The article stated that within a 27-month period between August 1984 and December 1986, five persons were killed and many others injured in similar accidents on the same stretch of *977 Highway 49. Apparently after heavy rains, water would drain onto the highway from the shoulder, resulting in standing water. Upon receiving complaints about the condition, the Highway Commissioner's Office checked the location after heavy rains, and could not find any cases of standing water.
The Rectors claim that the Highway Commission had actual and constructive notice of the dangerous condition, and failed to correct it or even post warning signs on the highway. They sought damages in the amount of $2.2 million dollars for pain and suffering, loss of earning capacity, medical expenses, and loss of consortium. The Highway Commission asserts the doctrine of sovereign immunity, since it is an entity of the State. Rectors' suit against Bush Construction Company, originally stayed pending the resolution of the sovereign immunity question, has been consolidated with this case for purposes of appeal.
The construction was completed and accepted by the Mississippi State Highway Commission on November 15, 1979, when it executed a written release in favor of Bush Construction.

III
Here, as in Presley v. Miss. State Highway Comm., 608 So.2d 1288 (Miss. 1992), the Rectors attack the manner in which the legislature responded to Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), on constitutional grounds. In Presley, supra, we held the legislative reestablishment of sovereign immunity ineffective as violative of the constitutional prohibition against reviving laws by reference. We limited the effect of the statute to "immunizing the State from claims arising thereafter to the extent that this Court would do so applying the evolving standards of common law" and provided that abolition of sovereign immunity there declared is fully retroactive for governmental entities having obtained liability insurance covering the incident in question, to the extent of such insurance. We remanded the Presley case for further consideration in light of our holding.
We reached a similar conclusion in Lee County Board of Supervisors v. Fortune, 611 So.2d 927 (Miss. 1992), holding that it was appropriate that the trial court reconsider the issue of sovereign immunity in light of Presley. Additional permutations of the doctrine have been pronounced in Churchill v. Pearl River Basin Development District, 619 So.2d 900 (1993, Miss.).
It is appropriate then that we reverse the order of the trial court granting summary judgment to the highway commission and remand this matter to that court for further consideration in light of subsequent developments in the area of sovereign immunity.

IV
The trial court granted Bush summary judgment on the basis of Miss. Code Ann. § 15-1-41 (1992 Supp.), the only ground asserted.[1] That statute is of the type commonly known as a statute of repose, barring actions after a period of time beginning with an act of the alleged wrongdoer unrelated to the date of injury. See, Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984). Rectors contend that Bush is procedurally barred from raising the defense, and, failing that, that the trial court erroneously interpreted the statute. The latter claim compels us to determine, for the first time, the implications of the following language in a 1985 amendment reducing the period after acceptance *978 in which suits are allowed from ten to six years:
The provisions of this section shall only apply to causes of action accruing from and after January 1, 1986; and any cause of action accruing prior to January 1, 1986, shall be governed by [the ten-year statute].
Miss. Code Ann. § 15-1-41 (1992 Supp.).
Simply put, the issue is whether the enactment of the amendment barred all actions based on injuries occurring after January 1, 1986, if acceptance of the work occurred prior to January 1, 1980, thus eliminating the then existing exposure for work accepted between January 1, 1976, and December 31, 1979.
The procedural issue arises because Bush failed to raise the statutory bar in its initial answer. That answer was filed on February 25, 1988. Its motion for leave to file an amended answer was filed on January 22, 1990, together with a motion for summary judgment. This argument should not detain us. Our rules command that "leave [to amend] should be freely given when justice so requires." Miss.R.Civ.P. 15(a). "In practice, an amendment should be denied only if the amendment would cause actual prejudice to the opposite party." Id., Comment. Rector does not assert nor does the record contain a hint of prejudice. We cannot say that the trial court abused its discretion to grant leave to file the amended complaint. See, Wright, Miller and Kane, Federal Practice and Procedure: Civ.2d § 1487, pp. 629-30, and fn. 14. We turn then to the merits of the statute of limitations issue.
The crux of the issue is when Rectors' cause of action should be deemed to have accrued for purposes of this statute. The Rectors assert that the cause of action accrues at the time of acceptance of the work, that is, at the time that the defectively performed work is delivered. Bush contends that the cause accrues at the time of injury. The significance of pinpointing the time when an action accrues relates totally to statutory time bars. Black's Law Dictionary 19 (5th ed. 1979). A cause of action consists of two parts, a wrongful act and an injury. See Owens Illinois v. Edwards, 573 So.2d 704, 708-709 (Miss. 1990); M.T. Reed Construction Co. v. Jackson Plating Co., 222 So.2d 838, 840 (Miss. 1969); Wilder v. St. Joseph Hospital, 225 Miss. 42, 45-46, 82 So.2d 651, 652 (1955). While a cause of action is not ordinarily complete until some injury occurs, whether injury marks the date of "accrual" for prescriptive purposes should turn on the nature of the prescriptive statute. Where the date of injury marks the inception of the period of prescription, it is logical that that date should control and be deemed the date of accrual.
Our public policy relaxes the rule of accrual upon wrong and injury only where for some reason the fact of injury is unknown or not reasonably knowable until some later date. See, e.g., Williams v. Kilgore, 618 So.2d 51, 53 (Miss. 1992) (en banc); Owens Illinois v. Edwards, 573 So.2d at 709. Where, as here, however, some act unrelated to injury begins the period of prescription, the only reason for determining a date of accrual is the date of that act should control. Put differently, when the legislature used the term "accruing" in this statute of repose, we deem the term to mean the date marking the action which begins the period of prescription.

V
For the foregoing reasons the judgments below are reversed and this matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN and SMITH, JJ., concur.
McRAE, J., concurs in part and dissents in part with separate written opinion joined by JAMES L. ROBERTS, Jr., J.
McRAE, Justice, concurring in part, dissenting in part:
I concur with the majority's decision to reverse the orders of the circuit court and remand for trial the cases against the State Highway Department and Bush Construction Company. However, the majority has *979 reached the right conclusion for the wrong reasons.
The trial court erred in granting Bush Construction's motion for summary judgment on the ground asserted, Miss. Code Ann. § 15-1-41 (1972). Section 15-1-41 is not the applicable statute of limitations; rather, the action is governed by Miss. Code Ann. § 15-1-49 (1972), the general six-year statute, which begins to run only when an injury occurs. Section 15-1-41, the architects' and builders' statute of repose, has never been applicable to roads or highways. Instead, it was intended to limit the liability of architects, engineers and contractors for defects in the design and construction of improvements to real property such as buildings and other structures. To construe its coverage as extending to roads and highways would make the statute of repose applicable to nearly every man-made object not naturally occurring on the landscape.
By remanding the case against the State Highway Department in accordance with our decisions in Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (Miss. 1992), and Lee County Board of Supervisors v. Fortune, 611 So.2d 927 (Miss. 1992), we send mixed and confusing signals to the trial court. Our decision in Fortune, wherein the case was remanded in light of Presley, provides little guidance. In Churchill v. Pearl River Basin Development District, 619 So.2d 900 (Miss. 1993), we concluded that because the decision in Presley voiced the opinion of a plurality, not a majority, of the court, it had no precedential value. 619 So.2d at 904. We firmly held in Churchill that in a plurality opinion, where there is a majority of less than five votes, the decision is not binding and should not be cited as such. Id. It should be noted further that the author of today's majority opinion dissented to this aspect of Churchill on the basis of its impact on Presley. Accordingly, I reiterate by reference the points made in my concurring opinions in Presley and Fortune.
ROBERTS, J., joins this opinion.
NOTES
[1] We are aware of the provision that a contractor may not be held liable for defects in work performed under public contracts once the work has been accepted by the owner, except in instances where the contractor is guilty of negligence creating imminent danger. In Holmes v. T.M. Strider & Company, 186 Miss. 380, 189 So. 518 (1939), this Court held:

"[A]fter the contractor has turned the work over and it has been accepted by a public board or commission as satisfactory, the contractor incurs no further liability to third parties, by reason of the condition of the work, and that the responsibility, if any, for maintaining or using it in its defective condition, is shifted to the public board or commission. This rule, however, is subject to some qualifications, among them the cases where the work is a nuisance per se, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to third persons."
The merits of such a defense are not before us and not determinable upon this record.