IN THE SUPREME COURT OF MISSISSIPPI
NO. 94-CA-00940-SCT

*JUSTIN GRESSETT, A MINOR, BY AND THROUGH*
*HIS MOTHER AND NEXT FRIED, JANICE*
*GRESSETT*

*v.*

*NEWTON SEPARATE MUNICIPAL SCHOOL*
*DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/02/94 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | THOMAS L. TULLOS |
| ATTORNEY FOR APPELLEE: | JACK W. BRAND |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 7/17/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/7/97 |

EN BANC.

PRATHER, PRESIDING JUSTICE, FOR THE COURT:

### I. INTRODUCTION AND STATEMENT OF THE CASE

¶1. The present case involves a lawsuit filed by Justin Gressett against the Newton Separate Municipal School District for its allegedly negligent failure to protect him from an attack by a fellow high school student on August 26, 1993. The trial court granted summary judgment in favor of the School District, finding that said district enjoyed the protection of sovereign immunity from the present cause of action. Gressett timely appealed said ruling. Finding that the incident from which the present lawsuit arises occurred prior to the effective date of the partial waiver of sovereign immunity by the Legislature, this Court affirms.

### II. LAW

**WAS THE NEWTON SEPARATE MUNICIPAL SCHOOL DISTRICT ENTITLED TO A JUDGMENT AS A MATTER OF LAW BECAUSE IT IS A POLITICAL SUBDIVISION OF THE STATE OF MISSISSIPPI AS DEFINED IN § 11-61-1 OF THE MISSISSIPPI CODE ANNOTATED OF 1972 (AS AMENDED), AND THEREFORE IMMUNE FROM SUIT AT LAW OR IN EQUITY FOR PERSONAL INJURY UNDER THE DOCTRINE OF SOVEREIGN IMMUNITY?**

¶2. The instant appeal involves a lawsuit filed against the Newton County Municipal School District. This appeal calls upon this Court to interpret and apply the statutory provisions regarding sovereign immunity enacted by the Legislature following this Court's decision in *Presley v. Miss. State Highway Comm.*, 608 So.2d 1288 (Miss. 1992). This Court abolished judicial sovereign immunity in *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss. 1982), but said judicial sovereign immunity was replaced by a legislative immunity set forth in Miss. Code Ann. § 11-46-6, which statute purported to continue sovereign immunity as it existed prior to *Pruett*. In Part I of *Presley* this Court held that § 11-46-6 was unconstitutional in light of the fact that it purported to revive law by reference, but a plurality of four justices held in Part II that the holding applied only prospectively.

¶3. In response to *Presley*, the Legislature enacted Miss. Code Ann. § 11-46-3, effective from and after April 1, 1993, which had largely the same effect as § 11-46-6, but without the constitutionally offensive provisions regarding the revival of law by reference. M.C.A. § 11-46-3 provides that:

> (1)The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact, and reenact that the "state" and its "political subdivisions," as such terms are defined in Section 11-46-1, are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract, including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach by any employee of the state or its political subdivisions, notwithstanding that any such act, omission or breach constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature and notwithstanding that such act, omission or breach may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefore.

Thus, § 11-46-3 sets forth the intent of the Legislature that the State and its political subdivisions be immune from liability, and this statute does not contain the language in Miss. Code Ann. § 11-46-6 which served to revive law by reference. In spite of the reaffirmance of sovereign immunity in § 11-46-3, the Legislature waived said immunity to a large degree in Miss. Code Ann. § 11-46-5. Miss. Code Ann. § 11-46-5 provides for a waiver of sovereign immunity as to the State from and after July 1, 1993 and for political subdivisions of the state from and after October 1, 1993, subject to a number of substantive and procedural limitations set forth in later sections of said chapter.

¶4. The present case arose after § 11-46-3 went into effect on April 1, 1993, and the school district was thus protected by the provisions thereof so long as said immunity had not been statutorily waived

at the time of the incident. The incident from which the present case arose occurred on August 26, 1993, and it is clear that the immunity of the School District had not been statutorily waived at that time. As noted earlier, § 11-46-5 provides that sovereign immunity was not waived with regard to political subdivisions of the state until October 1, 1993. Any doubt that the Newton County School District constitutes a political subdivision of the state is removed by Miss. Code Ann. § 11-46-1(i), which specifically provides that a school district constitutes a political subdivision of the state.

¶5. Thus, the present case presents this Court with a rather straightforward case of the application of statute to the facts herein. A review of the applicable statutes clearly demonstrates that the Newton County Municipal School District enjoyed the protection of sovereign immunity at the time the present lawsuit arose in August, 1993.

¶6. In spite of the clear expression of legislative intent in § 11-46-3, Gressett nevertheless argues that § 11-46-3 does not in fact serve to revive sovereign immunity in this State, based upon language in recent opinions of this Court. Specifically, Gressett argues that:

> It is obvious that *Presley* set forth the Court's intention to cast aside the doctrine of sovereign immunity on a prospective basis. Also obvious is the Court's decision to bury sovereign immunity forever in *Rector v. Mississippi State Highway Comm.*, 623 So.2d 975 (Miss. 1993).

Gressett's reliance on *Presley* and *Rector* is misplaced. The *Presley* decision did not prospectively "cast aside the doctrine of sovereign immunity," but said opinion rather held that the particular statute which provided for said immunity was unconstitutional.

¶7. Miss. Code Ann. § 11-46-3 does not contain the constitutionally offensive language present in § 11-46-6, and this Court has not held § 11-46-3 to be unconstitutional in any other respect. The *Presley* holding is thus not controlling in the present case. Gressett's reliance upon this Court's holding in *Rector* is similarly misplaced. In *Rector*, Rector sued the state highway commission for injuries suffered in a 1986 car accident, but the trial court held that said commission was protected by sovereign immunity. Contrary to Gresset's assertions, this Court expressed no intent in *Rector* to "bury sovereign immunity" forever, but merely remanded the case to the trial court for further consideration in light of the *Presley* decision.

¶8. *Rector* is inapplicable to the present case, given that this case arose in a completely different statutory and legal context than *Rector*. The automobile accident in *Rector* occurred in 1986, while the incident from which the present case arose occurred in August, 1993, several months after § 11-46-3 went into effect. Thus, the August, 1993 incident in the present case arose after the reaffirmance of legislative sovereign immunity in § 11-46-3, but, unfortunately for Gressett, the incident occurred shortly before the Legislature waived said immunity as it relates to subdivisions of the state, including school districts. Accordingly, the Newton School District did in fact enjoy the protection of sovereign immunity for the August, 1993 incident from which the present case arose, and the trial court was correct in so ruling. Accordingly, the judgment of the trial court is affirmed.

¶9. **JUDGMENT IS AFFIRMED.**

**LEE, C.J., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**McRAE, JUSTICE, DISSENTING:**

¶10. I am compelled to address the majority's faulty interpretation of Miss. Code Ann. 11-46-3. While § 11-46-3 omits the unconstitutional language of what once was Miss. Code Ann. § 11-46-6, there can be no question that there was no sovereign immunity on August 26, 1993, on which the Newton Separate Municipal School District can rely.

¶11. The majority reasons that the statutory waiver present in Miss. Code Ann. § 11-46-5 was not effective against political subdivisions of the State until October 1, 1993. This is a complete denial of a remedy which rightfully belonged to the appellant in this case. We must not forget that it was the Legislature which, between 1984 and 1993, continuously reenacted the statutory provisions delaying the implementation of the waiver of the Sovereign Immunity Act up to certain amounts of liability. Finally, in 1993, the Legislature opened the door for plaintiffs to bring valid claims against the sovereign on a limited basis, which resulted in Miss. Code Ann. § 11-46-5. Nevertheless, those statutes enacted prior to the Legislature's 1993 decision--those continuously reenacted between 1984 and 1993--had no effect. ***Presley v. Mississippi State Hwy. Comm'n***, 608 So. 2d 1288, 1294, n.6 (Miss. 1992); ***Richardson v. Rankin County Sch. Dist.***, 540 So.2d 5, 8 (Miss.1989). In ***Starnes v. City of Vardaman***, 580 So. 2d 733 (Miss. 1991), this Court recognized that the delay tactics of the Legislature effectively prevented valid claimants from bringing suit against the State and its political subdivisions. As a result, those claims remained dormant during the time that the waiver of immunity was constantly postponed.

> What is important is that the Legislature has repeatedly postponed the effective date, so that the [State Tort Claims] act--save only its reenactment of pre-***Pruett*** immunity law--has been and remains law *in futuro*, law that has never acquired a present force.
>
> So when the City of Vardaman asserts to the two-year statute of limitations, Miss. Code Ann. § 11-46-11(3) (Supp. 1987), we must answer that the statute limits *only* "all actions brought under the provisions of this chapter. . . ." Since "this chapter" has never authorized an action-- the present effective date is October 1, 1991--Starnes' action was not and could not have been brought under it. Since Starnes' action was not "brought under the provisions of this chapter," we may not hold it barred by the two-year statute.

***Starnes***, 580 So.2d at 736 (footnote and citations omitted). Accordingly, since we found unconstitutional the *en masse* revival of pre-***Pruett*** law, the Legislature's continued delay in implementation of the waiver of sovereign immunity kept cases like the present one alive, and no immunity could exist for the school district. ***Stokes v. Kemper County Bd. of Sup'rs***, 691 So. 2d 391, 398 (Miss. 1997)(McRae, J., concurring in part and dissenting in part).

¶12. The majority apparently believes that the instant case is a straightforward application of our statutes. On the contrary, it is another confounding example of the misinterpretation of our statutes, resulting in misinterpretation of our state constitution. The remedy clause of the Mississippi

Constitution, art. 3, § 24, makes no distinction between seeking redress for wrongs committed by public versus private entities. Today the majority forecloses the citizen's right to recover, effectively "rubber stamping" the blunder already committed by the Legislature when it delayed implementation of waivers of immunity. Under the majority's reasoning, all legitimate claims against the state or its political subdivisions between 1984 and 1993 are precluded by statutes which have no effect. As long as this rationale is employed, rightful claimants will never be able to enjoy the benefits of our remedy clause. To this denial of constitutional right, I cannot accede.

**SULLIVAN, P.J., JOINS THIS OPINION**.