## IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
## NO. 95-CA-00732 COA

| | |
|---|---|
| **JEFFERY C. HAYCRAFT and DONNA RENEA HAYCRAFT** | **APPELLANTS** |
| **v.** | |
| **ROBERT PARKER ADAMS, ARCHITECT, P.A. AND ROBERT PARKER ADAMS, INDIVIDUALLY** | **APPELLEES** |

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 06/01/95 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ARNOLD D. DYRE |
| ATTORNEY FOR APPELLEE: | THOMAS W. PREWITT |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | MOTION TO DISMISS GRANTED |
| DISPOSITION: | AFFIRMED - 10/7/97 |
| MOTION FOR REHEARING FILED: | 10/21/97 |
| CERTIORARI FILED: | 12/1/97 |
| MANDATE ISSUED: | 4/8/98 |

BEFORE THOMAS, P.J., DIAZ AND KING, JJ.

DIAZ, J., FOR THE COURT:

Jeffrey C. Haycraft filed suit against Robert Parker Adams alleging breach of contract, negligent misrepresentation, and negligence. After the lower court dismissed his claim, Haycraft perfected this appeal, contending that Adams's motion to dismiss was improperly granted. Finding Haycraft's contention without merit, we affirm.

### FACTS

This case involves a dispute between Haycraft, a roofing subcontractor, and Adams, an architect, concerning the roof covering portion of a construction project at St. Andrew's Episcopal School.

Haycraft was one of three subcontractors who were to perform work on the roof. He maintains that the particular materials used by one of the other subcontractors to construct the roof deck were unsuitable, but that he was blamed for the deficiency. He claims that he was wrongfully forced off the project on June 27, 1986 and was wrongfully sued for non-performance and breach of contract. He then filed suit against Adams and others who are not parties to this appeal. Adams filed a motion to dismiss Haycraft's action, asserting that the complaint was barred by the applicable statute of limitations. The lower court granted Adams's motion and dismissed Haycraft's lawsuit. Haycraft contends that the lower court erred in granting Adams's motion to dismiss, applying the six-year statute of repose found in Miss. Code Ann. § 15-1-41 (Rev. 1995), which Haycraft claims was intended to limit the liability of those involved in the construction process and applies only to construction defects. He argues that his action was for wrongful or tortious interference with a contract and that the applicable statute of limitations is § 15-1-49 (also a six-year statute of limitations), subject to § 15-1-67, the saving statute which prevents the running of the statute of limitations until the time fraud was or should have been discovered. He further contends that he was unable to discover that Adams had previously known of the problems with the roof deck prior to his forcing Haycraft off the job until September 23, 1987, and that since the complaint was filed on September 22, 1993, the filing fell within the applicable six-year statute of limitations.

DISCUSSION

The version of § 15-1-49 that Haycraft claims is applicable to the facts of this case provides as follows: "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49 (1972) (prior to 1989 amendment). Furthermore, § 15-1-67 provides:

If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 15-1-67 (Rev. 1995). Haycraft attempts to invoke the provisions of § 15-1-67 in order to save his claim from the six-year statute of limitations set out in § 15-1-49. He argues on appeal that Adams concealed pertinent information from him concerning the faulty roof deck. Yet, the statute requires a "fraudulent" concealment. The supreme court has said that "to establish fraudulent concealment in this state, there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Reich v. Jesco,* 526 So. 2d 550, 552 (Miss. 1988). Haycraft has failed to establish the existence of "fraudulent" concealment; thus, § 15-1-67 is inapplicable to the facts of this case.

Certainly, Haycraft was aware of his injuries more than six years before he filed his initial complaint on September 22, 1993. Haycraft knew he was injured when his employment was terminated on June 27, 1986. It is, therefore, logical that the "date of injury should control and be deemed the date of accrual." *Rector v. Mississippi State Highway Comm'n,* 623 So. 2d 975, 978 (Miss. 1993). Accordingly, Haycraft's knowledge of his injuries predated the filing of his complaint by more than

six years; thus, the accrual provision of § 15-1-49 fails to save Haycraft's cause of action from dismissal.

The statute of repose set out in Miss. Code Ann. § 15-1-41 controls the outcome of this case, although Haycraft argues that § 15-1-41 was never intended to apply to his particular injuries. The statute provides as follows:

No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction . . . more than six (6) years after written acceptance or actual occupancy or use, whichever occurs first, of such improvements by the owner thereof.

Miss. Code Ann. § 15-1-41 (Rev. 1995). Haycraft identified a number of Adams's acts and omissions which gave rise to his complaint; however, these acts and omissions addressed Adams's architectural design, planning, and his observation of constructionthe very basis of the type of activity to which § 15-1-41 is directed. Therefore, since more than six years have passed since the owner's "written acceptance or actual occupancy or use" of the structure at issue in this case, Haycraft's cause of action was properly barred by the six-year statute of repose expressed in § 15-1-41. This Court will reverse a lower court's granting of a motion to dismiss only when there has been an abuse of discretion. *Roebuck v. City of Aberdeen,* 671 So. 2d 49, 50 (Miss. 1996). Finding that the trial judge was within his discretion in granting Adams's motion to dismiss, we affirm.

**THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS .**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**

**McMILLIN, P.J., CONCURS IN RESULT ONLY.**

**SOUTHWICK, J., NOT PARTICIPATING.**