663 So.2d 601 (1995)
MISSISSIPPI TRANSPORTATION COMMISSION, f/k/a Mississippi State Highway Commission
v.
Lorene RECTOR, Wife of/and H. Ronald Rector.
No. 93-IA-01329-SCT.
Supreme Court of Mississippi.
November 9, 1995.
Michael C. Moore, Attorney General and Rickey T. Moore, Special Asst. Attorney General, Jackson, for Appellant.
Piper Griffin, Metairie, LA; George Nalley, Jr., Metairie, LA; and Gregg L. Spyridon, Hoffman Sutterfield Ensenat & Bankston, New Orleans, LA, for Appellee.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Justice, for the Court:
Interlocutory appeal was granted in this sovereign immunity case based on a finding by the Circuit Court of Forrest County, Mississippi, Judge Richard Wayne McKenzie presiding, that the current state sovereign immunity, post-Presley v. Miss. State Highway Commission, 608 So.2d 1288 (Miss. 1992), was in need of further clarification prior to proceeding in this case. The Mississippi Transportation Commission presents two issues for consideration by this Court:
1. WHETHER THE DECISION IN PRESLEY v. MISSISSIPPI STATE HIGHWAY COMMISSION SHOULD HAVE PROSPECTIVE APPLICATION ONLY.
2. WHETHER THE MISSISSIPPI TRANSPORTATION COMMISSION SHOULD HAVE BEEN DISMISSED FROM THIS CASE BASED ON MISSISSIPPI CODE ANNOTATED § 11-46-3, AS AMENDED.
Finding Presley v. Mississippi State Highway Commission to have prospective application only, we reverse and render.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
On November 20, 1986, 39-year-old Ronald Rector was traveling north on Highway 49 toward Hattiesburg. Somewhere between Halveston Road and Camp Shelby, Rector allegedly encountered standing water on the highway which caused his vehicle to hydroplane out of control and into two pine trees. As a result of the accident, Rector suffered extensive head injuries leaving him permanently and totally disabled. See Rector v. *602 Mississippi State Highway Commission, 623 So.2d 975, 976 (Miss. 1993) ("Rector I").
On October 8, 1987, Ronald Rector and his wife Lorene filed suit against the Mississippi State Highway Commission, now the Mississippi Transportation Commission ("MTC") and Bush construction Company alleging that MTC had actual and constructive notice of the dangerous condition and failed to correct it or to post warning signs.
On December 11, 1987, MTC filed a motion to dismiss on the basis that it was immune from suit pursuant to the doctrine of sovereign immunity and therefore the Rectors had failed to state a claim upon which relief could be granted. The lower court entered an order on June 26, 1989, dismissing the Rectors' complaint. The Rectors appealed and on August 5, 1993, this Court rendered a decision reversing the order of the trial court and remanding the case "for further consideration in light of subsequent developments in the area of sovereign immunity," namely Presley and its progeny. Rector I, 623 So.2d at 977.
On September 8, 1993, MTC again filed a motion to dismiss arguing failure to state a claim upon which relief may be granted and that the suit was barred by sovereign immunity. A hearing was held on October 19, 1993, on MTC's motion to dismiss. At that hearing, MTC argued that it was entitled to a dismissal based on the doctrine of sovereign immunity since 1) Rector's accident occurred prior to the decision in Presley; 2) MTC did not have an insurance policy covering the liability in question; and 3) there had been no waiver of immunity. The Rectors responded that Presley should be applied retroactively. The trial court denied MTC's motion to dismiss, but found "that the current state of Sovereign Immunity based on Presley and subsequent developments in the field of immunity is in need of further clarification prior to proceeding in this case." It further held that certification for an interlocutory appeal should be granted in order to "materially advance the termination of the litigation" and to "resolve an issue of general importance in the administration of justice." This Court granted permission for an interlocutory appeal in an order filed on June 23, 1994.

DISCUSSION OF ISSUES

1. WHETHER THE DECISION IN PRESLEY v. MISSISSIPPI STATE HIGHWAY COMMISSION SHOULD HAVE PROSPECTIVE APPLICATION ONLY.
This first issue of whether Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (Miss. 1992), wherein this Court found the legislature's response to Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), in Miss. Code Ann. § 11-46-1 et seq. unconstitutional, should be applied prospectively or retroactively has been answered in the recent case of Robinson v. Stewart, 655 So.2d 866 (Miss. 1995). In Robinson this Court stated emphatically that Presley is not to be applied retroactively. Id. at 868. Since Presley is not to be applied retroactively, the defense of sovereign immunity was available to MTC on November 20, 1986, the date of Rector's accident. There is nothing in the record to suggest that MTC waived this immunity.
Rector tries to argue that if Presley is prospective then MTC is still not immune from suit because it does not have immunity for proprietary acts. This argument fails since the distinction between governmental and proprietary functions are applied only to municipalities and not to the state itself. See Strait v. Pat Harrison Waterway Dist., 523 So.2d 36, 40 (Miss. 1988).

2. WHETHER THE MISSISSIPPI TRANSPORTATION COMMISSION SHOULD HAVE BEEN DISMISSED FROM THIS CASE BASED ON MISSISSIPPI CODE ANNOTATED § 11-46-3, AS AMENDED.
Since the decision in Presley is not to be given retroactive application, the doctrine of sovereign immunity was applicable to the state and its political subdivisions on the date of Rector's accident. Therefore, it is not necessary to decide this issue in order to resolve this case. Also, MTC did not raise this issue in the lower court. MTC's petition *603 for interlocutory appeal is not in the record so it is impossible to know whether this Court was aware MTC was going to raise this issue when the interlocutory appeal was granted. For these reasons, the merits of this issue will not be discussed.

CONCLUSION
Since this Court's decision in Presley was prospective, the defense of sovereign immunity was available to MTC on November 20, 1986, the date of Rector's accident. Therefore the decision of the lower court denying MTC's motion to dismiss is reversed and rendered.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., SULLIVAN, PITTMAN and SMITH, JJ., concur.
BANKS, J., concurs in result only.
McRAE, J., dissents with separate written opinion.
McRAE, Justice, dissenting:
This Court has not had the opportunity to rule on the 1986 version of Miss. Code Ann. § 11-46-6 (1986) which is applicable to the case sub judice because the accident occurred on November 20, 1986. Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (1992) held that Miss. Code Ann. § 11-46-6 (1987), as written in 1987, was unconstitutional and void because of its attempt to revive judicially created sovereign immunity. The 1986 version of § 11-46-6 similarly attempted to revive judicial sovereign immunity as it existed prior to Pruett v. City of Rosedale, 421 So.2d 1046 (1982). Because the 1986 statute was identical to the 1987 statute in this respect, this Court should likewise find the 1986 law granting MTC sovereign immunity to be unconstitutional and void. Accordingly, I dissent.