# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01234-SCT

*NANCY GALE*

*v.*

*NATHANIEL THOMAS AND THE CITY OF JACKSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/1998 |
| TRIAL JUDGE: | HON. ERMEA JACKSON RUSSELL |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | E. MICHAEL MARKS |
| | MICHAEL T. JAQUES |
| ATTORNEYS FOR APPELLEES: | TERRY WALLACE |
| | PATRICIA KAY MONSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 12/09/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/30/99 |

## EN BANC.

## SMITH, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This case comes to this Court on appeal by Nancy Gale from the Hinds County Circuit Court, First Judicial District, where Gale's suit against the City of Jackson and Officer Nathaniel Thomas was dismissed upon grant of summary judgment.

¶2. Nancy Gale suffered injuries when her automobile collided at an intersection with a City of Jackson police patrol car driven by Officer Nathaniel Thomas. Officer Thomas allegedly ran a red traffic signal. The accident occurred on April 17, 1993. Gale brought suit in the Hinds County Circuit Court, First Judicial District, on October 20, 1995, against the City of Jackson and Officer Thomas, individually, alleging gross and reckless negligence on the part of Officer Thomas. The City and Officer Thomas moved for summary judgment asserting sovereign immunity. Circuit Court Judge Ermea J. Russell granted summary judgment in favor of both defendants and dismissed the suit on June 30, 1998. Gale now appeals to this Court arguing that the trial judge erroneously determined that the City and Officer Thomas were immune from suit.

### STATEMENT OF FACTS

¶3. Nancy Gale allegedly suffered personal injuries and property damage when her automobile collided with the City of Jackson police patrol car driven by Officer Nathaniel Thomas on April 17, 1993. Gale

contends that Officer Thomas ran a red traffic signal. At the time of the accident, Officer Thomas was allegedly on routine patrol. Gale alleges that Officer Thomas did not have his lights or sirens on at the time, and that he was not responding to an emergency nor in pursuit of anyone. Gale brought an action for negligence against the City of Jackson and Officer Thomas, individually.

¶4. The defendants moved for summary judgment, asserting sovereign immunity pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 *et seq*. (Supp. 1999), and *Gressett v. Newton Separate Mun. Sch. Dist.*, 697 So. 2d 444 (Miss. 1997). The trial judge granted summary judgment for both defendants pursuant to the rationale of *Gressett*. In its order, the trial court noted that the accident occurred in the time period between the enactment of Miss. Code Ann. § 11-46-3 (Supp. 1999) on April 1, 1993, and the waiver of immunity as to political subdivisions on October 1, 1993, pursuant to Miss. Code Ann. § 11-46-5 (Supp. 1999). The trial judge thus employed the rationale of *Gressett* to find that because the accident occurred in a time period in which absolute immunity existed, the City and Officer Thomas enjoyed the protection of sovereign immunity at the time of the suit.

¶5. From this ruling, Gale appeals and raises the following issues:

> **I. THE TRIAL COURT ERRED IN FAILING TO APPLY THE EXCEPTION TO IMMUNITY PROVIDED IN THE "INTERIM" VERSION OF MISS. CODE ANN. § 11-46-3(3) (SUPP. 1993).**

> **II. THE TRIAL COURT ERRED IN EXTENDING THE PROTECTION OF THE CITY'S IMMUNITY TO OFFICER THOMAS.**

¶6. The City and Thomas, in their reply to Gale's appeal, raise a third issue. They argue that the trial court lacked jurisdiction over Gale's claim because Gale failed to comply with the notice requirements of Miss. Code Ann. § 11-46-11 (Supp.1999). They did not raise this issue in the trial court in either their answer or their motion for summary judgment. In addition, they did not cross-appeal. However, the issue is considered below.

## STANDARD OF REVIEW

¶7. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. In reaching this determination, the Court considers evidence such as admissions, affidavits, answers to interrogatories, and depositions. *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237, 1239 (Miss. 1998). This Court conducts a *de novo* review of the record on appeal from the lower court's grant of summary judgment. *Pace v. Financial Sec. Life of Mississippi*, 608 So. 2d 1135 (Miss. 1992); *Short v. Columbus Rubber & Gasket Co.*, 535 So. 2d 61, 63 (Miss. 1988). The evidence is viewed in the light most favorable to the non-moving party. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1354 (Miss. 1990). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision should be affirmed. *Brown v. Credit Ctr., Inc.*, 444 So. 2d 358, 362 (Miss. 1983).

## DISCUSSION OF LAW

> **I. THE TRIAL COURT ERRED IN FAILING TO APPLY THE EXCEPTION TO IMMUNITY PROVIDED IN THE "INTERIM" VERSION OF MISS. CODE ANN. §  11-**

**46-3(3) (SUPP. 1993).**

¶8. This Court abolished judicial sovereign immunity in *Pruett v. City of Rosedale*, 421 So. 2d 1046 (Miss. 1982), stating that the Legislature and not the Court should control the issue of one's right to bring suit against the sovereign. The Legislature then enacted a sovereign immunity statute. See Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 1984). The statute purported to continue sovereign immunity as it existed prior to *Pruett*. In Part I of *Presley v. Mississippi State Highway Comm'n*, 608 So. 2d 1288 (Miss. 1992), this Court held that § 11-46-6 was unconstitutional in that it purported to revive law by reference. *Presley*, 608 So. 2d at 1298-1301. A plurality of four justices held that the *Presley* holding applied only prospectively. *Id.*

¶9. The Legislature responded by enacting § 11-46-3, effective April 1, 1993. Miss. Code Ann. § 11-46-3 (Supp. 1993). That statute had largely the same effect as § 11-46-6, but omitted the provisions regarding revival of law by reference. Section 11-46-3 states the intent of the Legislature to immunize the State and its political subdivisions from liability. Miss. Code Ann. § 11-46-3 (Supp. 1998). Section 11-46-5 provides a limited waiver of immunity as to the State, effective July 1, 1993, and as to political subdivisions of the State, effective October 1, 1993. Miss. Code Ann. § 11-46-5 (Supp. 1999).

¶10. The claim in this case arose after § 11-46-3 went into effect on April 1, 1993, but prior to the date waiver was effective as to political subdivisions on October 1, 1993. The alleged negligence of Office Thomas occurred on April 17, 1993, and, as the trial court stated, the immunity of the City of Jackson had not been waived at that time.

¶11. Gale argues that because the accident occurred on April 17, 1993, the trial court should have applied subsection (3) of the "interim" version of § 11-46-3, but instead erroneously applied the rationale of *Gressett*. Gale did not raise this argument before the trial court, and it should therefore be procedurally barred. *Ballenger v. State*, 667 So. 2d 1242, 1259 (Miss. 1995); *Foster v. State*, 639 So. 2d 1263, 1270 (Miss. 1994); *Mitchell v. State*, 609 So. 2d 416, 422 (Miss. 1992). However, it is here considered on the merits.

¶12. Section 11-46-3, as it exists today, contains two subsections. See Miss. Code Ann. § 11-46-3 (Supp. 1999). However, the original version of that section, as it was enacted April 1, 1993, contained a third subsection, which provided:

> (3) The immunity recognized and reenacted under this section shall not be applicable to an incorporated municipality for any wrongful or tortious act or omission by such <u>municipality</u> or any employee of such municipality that arises out of the exercise or failure to exercise any duty, obligation or function of a <u>proprietary nature</u>.

Miss. Code Ann. § 11-46-3(3) (Supp. 1993) (emphasis added). This third subsection was effective, per legislative directive at the time § 11-46-3 was enacted, only from April 1, 1993, until October 1, 1993. See *id*. The injury in the case at bar occurred within this period. Thus, Gale is correct in her assertion that the "interim" version of § 11-46-3 applies to her claim. If the exception to immunity contained in subsection (3) applies, summary judgment was improper and Gale may maintain an action against the City of Jackson. If the exception does not apply, because immunity as to political subdivisions was not waived at the time of the accident, Gale may not maintain an action against the City, and summary judgment was proper.

¶13. In granting the defendants' motion for summary judgment, the trial court applied the rationale of *Gressett v. Newton Separate Mun. Sch. Dist.*, 697 So. 2d 444 (Miss. 1997). *Gressett* involved a suit filed by a high school student against a school district for its allegedly negligent failure to protect him from an attack by a fellow student. Like the accident in the case at hand, the attack in *Gressett* occurred on April 26, 1993, while the "interim" version of § 11-46-3 was in effect and prior to the waiver of immunity for political subdivisions. This Court affirmed the trial court's grant of summary judgment in favor of the school district, finding that the school district was protected by the provisions of § 11-46-3. *Gressett* at 445-46. The Court noted that immunity was not waived for political subdivisions until October 1, 1993, and that, according to § 11-46-1(i), a school district is a political subdivision. *Gressett* at 445-46. The trial court in the case *sub judice* applied the same rationale.

¶14. Gale argues that the trial judge erred in applying the rationale of *Gressett*. Gale asserts that this Court's decision in *City of Jackson v. Brown*, 729 So. 2d 1231 (Miss. 1998), is on point. In *Brown*, the heirs of a drowning victim filed an action against the City of Jackson, alleging that adequate guardrails had not been placed along the tributary in which the decedent drowned. The drowning incident occurred on May 1, 1993. The *Brown* Court distinguished *Gressett* in that *Gressett* involved a suit against a school district rather than a municipality. *Brown* at 1234. The *Brown* Court held that the "interim" version of § 11-46-3 therefore applied, and, more specifically, that subsection (3) of the "interim" version excepted the City of Jackson from the immunity enacted and reenacted by § 11-46-3.

¶15. This Court's determination in *Brown* that the exception contained in subsection (3) applied turned not only on the defendant's status as a municipality and the date the injury occurred, but also on the defendant's failure to exercise a "duty, obligation or function of a proprietary nature." Miss. Code Ann. § 11-46-3(3) (Supp. 1993). Gale is correct in asserting that the City of Jackson is a municipality and that the accident occurred while the "interim" version of § 11-46-3 was effective. However, Gale is incorrect in asserting that the injury complained of arose out of a function proprietary in nature.

¶16. In *Brown*, this Court discussed the differences between governmental and proprietary functions:

> The classifications are broad, very general, and the line between the two is quite frequently difficult to define. Nevertheless, there are certain activities which courts choose to call "governmental" for which no liability is imposed for wrongful or tortious conduct. These are activities or services which a municipality is required by state law to engage in and to perform. On the other hand, there are activities in which a municipal corporation engages, not required or imposed upon it by law, about which it is free to perform or not. Such activities the courts call "proprietary or corporate."

*Brown* at 1235 (*quoting Anderson v. Jackson Mun. Airport Authority*, 419 So. 2d 1010 (Miss. 1982)).

¶17. As this Court reiterated in *Mosby v. Moore*, 716 So. 2d 551 (Miss. 1998), "[i]t has long been the rule in this state that the establishment of and maintenance of the police department is a governmental function." *Mosby*, 716 So. 2d at 555 (*quoting Jackson v. Smith*, 309 So. 2d 520 (Miss. 1975)). *See also Anderson*, 419 So. 2d at 1014 n.1 ("The following are 'governmental' functions: . . . establishment and regulation of schools, hospitals, poorhouses, fire departments, police departments, jails, workhouses, and police stations . . ."). In *Mosby*, the plaintiffs sued the City of Oxford and police officers to recover for injuries suffered in a collision with a vehicle that the officers were pursuing at high rates of speed. Though the accident in *Mosby* occurred in 1992, prior to the date the version of § 11-46-3 at issue was enacted, the

state Legislature had enacted in 1992 a version of § 11-46-3 which contained the same exception applicable to the exercise of proprietary functions by municipalities as is found in the "interim" version of § 11-46-3 at issue in the case at bar. The *Mosby* Court held the exception inapplicable, stating expressly that the establishment and maintenance of a police department is a governmental, not proprietary, function. *Mosby* at 555.

¶18. Gale argues that because the conduct of Officer Thomas in operating his patrol car is not a discretionary function, the City may be held liable under § 11-46-3(3). Gale's argument is misplaced. The focus of Gale's argument is the discretionary nature of the conduct of Officer Thomas in operating the patrol car. This focus is inappropriate in determining whether the City's maintenance and operation of the police department was a proprietary function. And again, as explained above, this Court has clearly held that such is not a proprietary function.

¶19. This Court has utilized the discretionary/ministerial test numerous times in the context of determining whether government *employees* are entitled to public official qualified immunity. See, e.g., *Mosby v. Moore*, 716 So. 2d 551 (Miss. 1998); *Mohundro v. Alcorn County*, 675 So. 2d 848, 853 (Miss. 1996); *Davis v. Little*, 362 So. 2d 642, 644 (Miss. 1978). The discretionary/ministerial test is also appropriately used in determining whether a governmental entity and its employees are exempt from liability as provided by § 11-46-9(1)(d). See Miss. Code Ann. § 11-46-9(1)(d) (Supp. 1999) (exempting governmental entities and employees from liability on claims based on the exercise or performance of a discretionary function or duty). However, the appropriate inquiry at hand is whether the City's maintenance and operation of a police department is a proprietary function, not whether Officer Thomas's conduct in operating his patrol car is discretionary in nature.

¶20. As this Court recently stated in *Jones v. Mississippi Dep't of Transp.*, the governmental/proprietary function test was used to determine whether a municipality was entitled to immunity prior to the abolishment of judicially created sovereign immunity in *Pruett*. See *Jones*, Nos. 1998-CA-01210-SCT, 1998-CA-01211-SCT, 1999 WL 374596, at *2 (Miss. June 10, 1999). That test was carried over into the "interim" version of § 11-46-3 by the language in subsection (3) excepting from the broad grant of immunity a municipality's exercise of *proprietary* functions. Miss. Code Ann. § 11-46-3(3) (Supp. 1993).

¶21. Gale relies on *Jones* for the proposition that the correct inquiry is whether an officer's operation of a patrol car is discretionary in nature. However, at issue in *Jones* was whether the county's failure to place traffic control devices at an intersection was a discretionary act entitling it to exemption under § 11-46-9(1)(d). Miss. Code Ann. § 11-46-9(1)(d) (Supp. 1999) (exempting governmental entities and employees from liability on claims based upon the exercise or performance of a discretionary function). In the case at bar, the City does not argue that it is entitled to exemption from liability under § 11-46-9(1)(d) because its policies regarding the operation of patrol vehicles are discretionary. Rather, the City argues that subsection (3) of the "interim" version of § 11-46-3 is inapplicable because the City's maintenance and operation of a police department is not a proprietary function.

¶22. Gale also relies on *Mosby v. Moore*, 716 So. 2d 551 (Miss. 1998). Again, the *Mosby* Court held that the City of Oxford and city police officers were entitled to immunity from claims of a plaintiff injured during a high speed police chase. Gale asserts that the Court reached this conclusion based on the discretionary nature of the conduct charged as negligent. This is a true statement only of the rationale behind the Court's holding that the officers were entitled to qualified immunity, and not of the rationale behind the Court's

holding that the City was entitled to immunity. See *Mosby* at 557-58. The Court held that the City was entitled to immunity because the establishment and maintenance of a police department is a governmental, not a proprietary, function. *Mosby* at 555.

¶23. It is not apparent from the record that the issue of whether the "interim" version of § 11-46-3, specifically subsection (3), applies to the case at hand was ever raised before the trial court. It was certainly not raised by the parties in their pleadings or motions, nor mentioned in the trial court's order. Nevertheless, had the subsection been brought before the court, the result would have been the same. The conduct giving rise to the injury was not of a proprietary nature. Thus, the exception contained in subsection (3) is inapplicable, and the City would still be entitled to summary judgment on the issue of sovereign immunity. The trial court correctly applied the rationale of *Gressett v. Newton Separate Mun. Sch. Dist.*, 697 So. 2d 444 (Miss. 1997), in granting the City of Jackson's motion for summary judgment.

## II. THE TRIAL COURT ERRED IN EXTENDING THE PROTECTION OF THE CITY'S IMMUNITY TO OFFICER THOMAS.

¶24. It is unclear in the trial court's order granting summary judgment on what basis Officer Thomas was held to be entitled to immunity. The trial judge's order states that "since this accident occurred in [the] time period when absolute immunity existed, and there was no waiver, then the City *and its employees* enjoyed the protection of sovereign immunity at the time of the lawsuit." (emphasis added). Clearly, the City's immunity stems from the re-enactment of immunity by § 11-46-3. However, as Gale asserts, the protection afforded by § 11-46-3(1) applies only to the State and its political subdivisions, and not to employees sued individually.

¶25. Gale argues that because the protection afforded by Miss. Code Ann. § 11-46-3(1) (Supp. 1999) applies only to the state and its political subdivisions, and not to employees sued individually, there was no basis on which the trial court could have found Officer Thomas immune from suit where Officer Thomas did not assert public official qualified immunity as a basis for summary judgment. Gale did not argue to the trial court that Officer Thomas is not entitled to qualified immunity. Gale argued only, in regards to Officer Thomas, that § 11-46-9(1)(c) precludes his receiving immunity. Miss. Code Ann. § 11-46-9(1)(c) (Supp. 1999) (precludes a government entity and its employees acting within the course and scope of employment from being held liable for an act of an employee engaged in the performance of duties relating to police or fire protection unless the employee acted in reckless disregard of the safety of another).

¶26. Gale again argues that this Court's rationale in *Mosby*, 716 So. 2d 551 (Miss. 1998), is applicable to the issue at hand. In *Mosby*, this Court reversed the trial court's grant of summary judgment in favor of the Oxford police officers engaged in a high speed chase. The Court found that a material issue of fact existed as to whether the officers exceeded their authority in the performance of their discretionary duties, thus precluding the application of qualified immunity on the facts before the Court. See *Mosby*, 716 So. 2d at 557-58. In the case at hand, Gale asserts that there is nothing in the record upon which the trial court could have relied in reaching a determination that Officer Thomas was protected by qualified immunity, and thus, as in *Mosby*, this Court should remand the case to the trial court for a determination of whether Officer Thomas was entitled to qualified immunity.

¶27. Gale's argument regarding qualified immunity is misplaced. Gale seems to claim that the only manner in which Officer Thomas may receive immunity is through the application of qualified immunity. It is true that Officer Thomas receives no protection from the "enactment and reenactment" of sovereign immunity by

§ 11-46-3(1), which applies only to the state and its political subdivisions. Miss. Code Ann. § 11-46-3(1) (Supp. 1998). However, the City and Thomas point to Miss. Code Ann. § 11-46-7(2) (Supp. 1999). This section, in effect at the time of the Gale's injury, precludes an employee from being held personally liable for acts occurring within the course and scope of employment. Section 11-46-7(2) had not been enacted on December 24, 1992, the date on which the *Mosby* incident occurred. This Court has noted that *Mosby* does not address § 11-46-7(2) and that *Mosby* is thus limited to its own facts and issues. *Jones v. Baptist Memorial Hosp. - Golden Triangle, Inc.*, 735 So. 2d 993, 997 (Miss. 1999). Specifically, § 11-46-7(2) provides:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

Miss. Code Ann. § 11-46-7(2) (Supp. 1998) (emphasis added).

¶28. This Court applied § 11-46-7(2) in *Duncan v. Chamblee*, No. 98-CA-00603-SCT, 1999 WL 353242 (Miss. June 3, 1999). In that case, Duncan, a student, brought suit against a teacher employed by the Leake County School District for allegedly excessive corporal punishment. Duncan, in his complaint, alleged that the teacher, Chamblee, was acting within the course and scope of her employment with the school when the alleged torts occurred. *Id.* at *4. The Court noted that this allegation was fatal to Duncan's attempt to hold Chamblee liable because § 11-46-7(2) precluded Duncan from holding Chamblee personally liable for acts occurring within the course and scope of her duties. *Id.*

¶29. In the case *sub judice*, there was no dispute of fact before the trial court as to whether Officer Thomas was acting in the course and scope of his employment at the time of the accident. On appeal, Gale argues that Officer Thomas was not acting within the course and scope of his employment because his allegedly running the red light was a criminal offense. However, Gale's complaint charges that Thomas "was acting in furtherance of the business of the aforesaid City of Jackson and within the course of his employment." In answering Gale's complaint, the City and Thomas admit that Officer Thomas was "at the time of the accident, the agent, employee, and servant of the City of Jackson and was acting in furtherance of the business of the City and within the course and scope of his employment...." As in *Duncan*, Gale's assertion that Officer Thomas was acting within the course of his employment at the time of the accident is fatal to her attempt to hold Thomas personally liable.

¶30. To summarize, the trial court based its grant of summary judgment on the finding that, according to the rationale of *Gressett*, the City was protected from suit by the immunity granted by Miss. Code Ann. § 11-46-3 (Supp. 1998). The trial judge apparently extended that finding to Officer Thomas as well. As Gale asserts, the immunity granted by § 11-46-3 applies only to the state and its political subdivisions, not to employees sued in their individual capacities. However, Gale's argument on appeal is that the trial court's grant of summary judgment was improper because there was no basis on which the trial court could have concluded Officer Thomas is entitled to qualified immunity. Regardless of whether Officer Thomas is entitled to qualified immunity, as Appellees assert, § 11-46-7(2) precludes Gale from holding Officer

Thomas personally liable. No issue of material fact exists as to whether § 11-46-7(2) applies as all parties to this action have conceded that Officer Thomas was acting within the scope of his employment at the time of the accident. The grant of summary judgment as to Officer Thomas, while not made entirely clear by the trial judge's order or even under the correct statutory grounds, was proper.

### III. GALE'S FAILURE TO COMPLY WITH THE NOTICE REQUIREMENT OF MISS. CODE ANN. § 11-46-11(1) (SUPP. 1998) DEPRIVES THE COURT OF JURISDICTION OVER THIS ACTION.

¶31. It should be reiterated that this issue is asserted by the Appellees and was not asserted before the trial court. The Appellees filed no notice of cross-appeal.

¶32. Appellees assert that because Gale failed to comply with the notice requirements of Miss. Code Ann. § 11-46-11 (Supp. 1998), the trial court lacks jurisdiction over Gale's claim.[1] Specifically, § 11-46-11 requires that anyone making a claim for injury arising under the provisions of the MTCA must file a written notice of the claim with the chief executive officer of the governmental entity ninety days prior to commencing an action against the entity or employee of the entity. Miss. Code Ann. § 11-46-11(1), (2) (Supp. 1998).

¶33. The notice of claim requirement "imposes a condition precedent to the right to maintain an action." *Carr v. Town of Shubuta*, 733 So. 2d 261, 265 (Miss. 1999) (*quoting Mannino v. Davenport*, 99 Wis. 2d 602, 614, 299 N.W.2d 823, 828 (1981)). This Court has held that the timely filing of notice is a jurisdictional prerequisite. *Mississippi. Dep't of Pub. Safety v. Stringer*, No. 97-IA-00187-SCT, 1999 WL 353025, at *3 (Miss. June 3, 1999); *City of Jackson v. Lumpkin*, 697 So. 2d 1179, 1181 (Miss. 1997), *overruled on other grounds*, *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999). Jurisdiction attaches for purposes of the MTCA when the notice requirements of the MTCA have been substantially complied with. *Reaves*, 729 So. 2d at 1240. Though substantial compliance with the notice provisions is sufficient, "substantial compliance is not the same as, nor a substitute for, non-compliance." *Carr*, 733 So. 2d at 265.

¶34. Gale makes no assertion that the notice provisions were complied with or even substantially complied with. Gale argues only that the notice provision is inapplicable because the "interim" version of § 11-46-3(3) excepts her claim from the coverage of the MTCA, or, in the alternative, that the Appellees are estopped from claiming non-compliance and have waived the notice defense.

¶35. First, Gale argues that her claim is excepted from the notice provision. The notice provision of § 11-46-11 requires that a claimant give ninety days prior notice when making a claim for an injury "arising under the provisions of this chapter." Miss. Code Ann. § 11-46-11(1) (Supp. 1998). Gale argues that her claim does not "aris[e] under" the provisions of the MTCA because her claim is exempted from the Act by subsection (3) of the "interim" version of § 11-46-3. See Miss. Code Ann. § 11-46-3(3) (Supp. 1993). As discussed above, § 11-46-3(3) does not apply in the case at bar. Furthermore, Gale interprets § 11-46-7(1) to state that the only claims "arising under this chapter" are those for which immunity has been waived. Section 11-46-7(1) states:

> The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the

claim or suit; <u>and any claim made or suit filed against a governmental entity or its employees to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary</u>. Miss. Code Ann. § 11-46-7(1) (Supp. 1998) (emphasis added).

¶36. Gale offers no authority for her interpretation, and, furthermore, Gale's reading is incorrect. The section means just what it says - that the remedy provided under the MTCA for claims against a governmental entity or its employee is the exclusive remedy. Gale attempts to argue simultaneously that the exception to immunity found in the "interim" version of § 11-46-3, subsection (3) applies to her claim, yet at the same time argues that she is not bringing her claim under the MTCA. The Act was enacted and was intended to become effective April 1, 1993, even though waiver did not become effective as to political subdivisions until October 1, 1993.

¶37. Gale also asserts that the Defendants are estopped from raising the notice issue. This Court has stated that the elements of equitable estoppel are as follows:

> Conduct and acts, language or silence, amounting to a representation or concealment of material facts, with knowledge or imputed knowledge or imputed knowledge of such facts, with the intent that representation or silence or concealment be relied upon, with the other party's ignorance of the true facts, and reliance to his damage upon the representation or silence. The burden of establishing the elements of an estoppel is on the party asserting the estoppel. The existence of the elements of an estoppel must be established by the preponderance of the evidence.

*Mississippi Dep't of Pub. Safety v. Stringer*, 1999 WL 353025, at *4 (Miss. June 3, 1999) (*quoting Chapman v. Chapman*, 473 So. 2d 467, 470 (Miss. 1985) (citations omitted)).

¶38. Gale's estoppel argument is without merit. Gale makes no allegation and presents no evidence that the City of Jackson misled Gale to believe she need not comply with the notice provisions of the MTCA or that she had already complied with the statute. Neither has Gale asserted that she relied on such a representation or changed her position in reliance thereon. She merely argues that more than three years passed between the time the case was filed and the time the Defendants raise the notice issue on appeal. This is insufficient to create an issue of fact as to estoppel.

¶39. Gale's only viable argument is that by not asserting the notice defense to the trial court, the Appellees waived the defense. The Appellees state that they should be allowed to raise the defense on appeal because this Court has held that the notice requirements of the MTCA are jurisdictional, and, because subject matter jurisdiction may be raised at any time, the Appellees should be allowed to raise the defense even on appeal. It is an accurate statement of the law that a question of subject matter jurisdiction may be presented at any time. *See* Comment to M.R.C.P. 12(h)(3). It is also true that this Court has stated that the notice requirements of the MTCA are jurisdictional and are a prerequisite to maintaining an action. *See, e.g.*, *Stringer*, 1999 WL 353025 at *3; *Carr*, 733 So. 2d at 265; *Lumpkin*, 697 So. 2d at 1181. However, this Court has stated very recently:

> The statutory notice required by the Tort Claims Act does not give rise to the same jurisdictional/due process concerns which arise, for example, in the context of summonses mailed following the filing of a lawsuit . . . The statutory notice is, instead, merely a means of informing a governmental entity of the existence of a claim which might give rise to a lawsuit in the future.

*Thornburg v. Magnolia Reg'l Health Ctr.*, 741 So. 2d 220, 223-24 (Miss. 1999). This Court went on to state, "[The issue of non-compliance with the notice provisions of the MTCA] is not a jurisdictional one." *Id.* However, in *Stringer*, decided less than one month after *Thornburg*, this Court again cited *Lumpkin* for the proposition that "timely filing of notice is a jurisdictional issue." *Stringer*, 1999 WL 353025, at *3.

¶40. This Court has not addressed the issue of whether the question of compliance with the notice provisions of the MTCA may be raised for the first time on appeal. Despite this Court's statements that compliance with the notice requirements is a jurisdictional issue, and in light of this Court's statements in *Thornburg*, it is the conclusion of this Court that the City and Thomas are precluded from raising this issue for the first time on appeal. As this Court has stated, time and again, an issue not raised before the lower court is deemed waived and is procedurally barred. See, e.g. *Davis v. State*, 684 So. 2d 643, 658 (Miss. 1996); *Cole v. State*, 525 So. 2d 365, 369 (Miss. 1987).

## CONCLUSION

¶41. This Court affirms the trial court's grant of summary judgment in favor of both the City of Jackson and Officer Thomas. The trial court correctly held that there is no genuine issue of material fact as to whether the City of Jackson is protected by the immunity granted by the Mississippi Tort Claims Act. Though the "interim" version of Miss. Code Ann. § 11-46-3 (Supp. 1993) was in effect at the time of the accident, the exception provided in subsection (3) of that section is inapplicable because the operation and maintenance of a police department is not a function of proprietary nature. This Court affirms the trial court's grant of summary judgment in favor of Officer Thomas. Section 11-46-7(2) precludes Gale from holding Officer Thomas personally liable. No issue of material fact exists as to whether § 11-46-7(2) applies. The judgment of the Hinds County Circuit Court is affirmed.

¶42. **AFFIRMED.**

> **PRATHER, C.J., BANKS AND MILLS, JJ., CONCUR. SULLIVAN, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., McRAE AND COBB, JJ. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. WALLER, J., NOT PARTICIPATING.**
>
> **SULLIVAN, PRESIDING JUSTICE, DISSENTING:**

¶43. Because a police officer acting outside of the scope of his official duties should be afforded the same protections and held to the same standard of care as an ordinary citizen I respectfully dissent to the conclusion of the plurality that Officer Thomas could not be sued in his individual capacity and to the conclusion that the City and Officer Thomas as its agent enjoy sovereign immunity under the Mississippi Tort Claims Act.

¶44. Nancy Gale alleges in her complaint that the defendant Nathaniel Thomas was reckless and grossly negligent in running a red light at a high rate of speed which was the proximate cause of various injuries and damages suffered. The plurality affirms the summary judgment on the theory that both the police department and the police officer are shielded by sovereign immunity.

¶45. For a summary judgment motion to be granted, there must exist no genuine issues of material fact and the moving party must be entitled to judgment as a matter of law. Miss. R. Civ. P. 56(c). The standard of review of a lower court's grant of a summary judgment motion is de novo. ***Short v. Columbus Rubber & Gasket Co.,*** 535 So.2d 61, 63 (Miss. 1988). The burden of demonstrating that there is no genuine issue of material fact falls on the party requesting the motion for summary judgment. ***Id.*** at 63-64. This burden is one of production and persuasion, not proof. ***Brown v. McQuinn***, 501 So.2d 1093, 1094 (Miss. 1986). Issues of fact sufficient to require a denial of a motion for summary judgment are obviously present where one party swears to one version of the matter in issue and another says the opposite. ***American Legion Ladnier Post Number 42, Inc. v. City of Ocean Springs***, 562 So.2d 103, 106 (Miss. 1990). If any triable facts exist, the lower court's grant of a summary judgment will be reversed, otherwise the decision will be affirmed. ***Brown v. Credit Ctr., Inc.***, 444 So.2d 358, 362 (Miss. 1983).

¶46. The operative statute at the time of this case was brought, the statute which is relied on by the plurality in its opinion, is reproduced below:

> (2) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation **or any criminal offense**.

Miss. Code Ann. § 11-46-7 (2) (Supp. 1998) (emphasis added).

¶47. Because running a red light is a criminal offense Officer Thomas is not afforded the protection of the statute as was in force at that time. Therefore summary judgment based on the assertion that Officer Thomas cannot be held personally liable is erroneous as a matter of law.

¶48. In addition to the fact that running a red light is a criminal offense, it is also worthy of note that this Court has reiterated that where a police officer acts in reckless disregard of the safety and well-being of any person not engaged in criminal activity the city cannot invoke the protections of the statute. ***Foster v. Noel***, 715 So.2d 174, 178-80 (Miss. 1998). It is hard to imagine greater reckless disregard than that posited by the facts as put forward in Gale's complaint.

¶49. Miss. Code Ann. 11-46-9 (1) states that:

> 1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . .

> c) Arising out of any act or omission of an employee of a governmental

> entity engaged in the performance or execution of duties or activities relating to police or fire protection **unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;**

Miss. Code Ann. 11-46-9 (1) (c) (Supp. 1999) (Cited in ***Foster*** at 178) (emphasis added).

¶50. At the time of the alleged negligence, April 17, 1993, Section 11-46-3 of the Mississippi Tort Claims Act, enacted April 1, 1993, stated as follows:

> (3) The immunity recognized and reenacted under this section shall not be applicable to an incorporated municipality for any wrongful or tortious act or omission by such municipality or any employee of such municipality that arises out of the exercise or failure to exercise any duty, obligation or function of a proprietary nature.

Miss. Code Ann. § 11-46-3 (3) (Supp. 1993).

¶51. The plurality states that though this section is applicable to Gale's claim, the city and Officer Thomas still enjoy immunity because the injuries complained of by Gale did not arise out of a function that is "proprietary" rather than governmental in nature. ( *See City of Jackson v. Brown*, 729 So.2d 1231, 1235 (Miss. 1998) for a discussion of the definition of governmental and proprietary functions). The establishment and maintenance of a police department is a governmental function, not a proprietary one. *Mosby v. Moore*, 716 So.2d 551, 555 (Miss. 1998). However, the correct discussion in the context of whether or not the conduct of Officer Thomas should be afforded protections under the MTCA is whether that conduct is governmental or discretionary. The plurality seeks to portray the alleged conduct as somehow "governmental" in nature. This Court recently adopted the public policy function test to determine whether or not conduct should be considered governmental. *Jones v. Miss. Dept. Transp.*, CA-1998-0120-SCT consolidated with CA-1998-01211- SCT, 1999 WL 374596 (Miss. June 10, 1999). The public policy function test was taken from the U.S. Supreme Court case *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). The first question to ask is whether the activity involves an element of choice or judgment. If so it must then be determined whether the choice involved social, economic or political policy. *Only those functions which by their nature are policy decisions, whether at the operational or planning level are protected*. *Jones* at *3.

¶52. The alleged negligent conduct of Officer Thomas in running a red light without cause cannot be characterized as a "governmental" function. There is no evidence in the record of anything resembling a policy decision. In *Mosby v. Moore*, 716 So.2d 551, 555 (Miss. 1998) this Court held that the City of Oxford was entitled to immunity under § 11-46-3 where the plaintiff, a suspect injured during the course of a high speed chase, was injured after a police car crashed into his vehicle. While there is an obvious public policy argument for shielding police officers in pursuit of criminals from liability, the current case involves no such issues. In *Mosby* the officer was in pursuit of a suspect who had already smashed into another vehicle, refused to pull over, ran the curb to avoid a roadblock, and eventually crashed into the plaintiff in that suit. The suspect ultimately pled guilty to DUI and aggravated assault. The officer in *Mosby* had his blue lights on, his sirens on, and had a legitimate reason to be in high speed pursuit. This case reveals no such mitigating circumstances. The police officer did not have to make a decision or judgment call, and negligently running a red light cannot be contorted into being a "governmental" function. This case is readily distinguishable from *Mosby* and this Court must distinguish between real policy decisions implicating governmental functions and simple acts of negligence which injure innocent citizens.

¶53. In *Mosby* this Court held that summary judgement was not appropriate where the police officer was acting under a discretionary duty, i.e., how that particular officer should drive a patrol car using his own judgment. There was a factual question as to whether the police officer substantially exceeded his authority in the exercise of this discretionary duty. *Id*. at 558. Surely there is a question raised by the alleged facts in

the present case as to whether Officer Thomas substantially exceeded his discretionary duty in the operation of his patrol car.

¶54. The grant of summary judgment is not appropriate if the police officer in question substantially exceeds his authority in the performance of his discretionary duty, *Mosby* at 558. Neither is summary judgment appropriate where the officer acts in reckless disregard of the safety and well-being of any person not engaged in criminal activity. *Foster v. Noel*, 715 So.2d 174, 178 (Miss. 1998). If Officer Thomas ran a red light, this was without question an illegal act. The plain language of the statute in force at the time of the collision clearly and expressly excepts employees from statutory immunity under Section 11-46-7 of the Mississippi Tort Claims Act if the conduct of the employee involved "any criminal offense." The grant of summary judgment by the circuit court should be reversed, and this case should be remanded for further proceedings.

## PITTMAN, P.J., McRAE AND COBB, JJ., JOIN THIS OPINION.

## McRAE, JUSTICE, DISSENTING:

¶55. The phrase involving government- **of the people , by the people, and for the people**, keeps haunting this writer after reading the plurality opinion. There is something very wrong with a system that allows a government to pass laws and which we then hold to be constitutional, which protect the government from the people. The government and the people are one and should be the same. How a government can pass laws to shield itself from the very people it exists to protect is beyond reason. Our constitution provides that when there is a wrong there is a redress. Miss. Const. Art. 3, § 24 does not provide an exception for times when the government commits that wrong.

¶56. Today's plurality decision is yet another step in a constant retreat by this Court from its decision some 18 years ago in *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss. 1982). In *Pruett* this Court recognized that the concept that the king could do no wrong was an anachronism in a modern democratic state. We abolished judicially-created sovereign immunity and placed the responsibility for determining the parameters of governmental immunity on the people through their duly-elected legislators. In the present case, the plaintiff was injured through no fault of her own when her car was hit by a police officer employed by the City of Jackson who ran a red light while on patrol. The officer was not responding to an emergency situation, was not in pursuit and did not have his lights or sirens operating. He simply chose not to stop. Despite these facts, the plurality concludes that the plaintiff cannot be compensated for her injuries. It appears that the King can do no wrong and is not dead after all. Accordingly, I dissent.

¶57. As has been well documented in past decisions of this Court,[2] the legislature of this State did not act with all deliberate speed after the *Pruett* decision. Indeed, it was not until 1993 that the present day legislation was phased in. In the meantime, this Court has been petitioned by citizens seeking redress for injuries suffered at the hands of their government.

¶58. The Mississippi Constitution guarantees that "every person for an injury done to him in his lands, goods, person or reputation, shall have a remedy by due course of the law." Miss. Const. Art. 3, § 24. As we stated in *Dr. Pepper Bottling Co. of Miss. v. Bruner*, 245 Miss. 276, 148 So.2d 199 (1962): "We find nothing in our constitution which absolves the public sector from this duty of care or which closes the doors of our courts to those who have been injured when that duty is breached."

¶59. In the case at hand, the accident occurred between the enactment of Miss. Code Ann. § 11-46-3 (Supp. 1998) on April 1, 1993, and the waiver of immunity as to political subdivisions created by Miss. Code Ann. § 11-46-5 (Supp. 1998) on October 1, 1993.

¶60. In *Presley v. Mississippi State Highway Com'n*, 608 So.2d 1288 (Miss.1992) we held that the portion of the 1987 Act requiring the courts of this state in determining sovereign immunity to apply the case law as it existed five years previously on November 10, 1982, to be unconstitutional and void. It is important to observe, however, what was not declared unconstitutional. First, the bulk of the Act was left intact. This is not to say, of course that those portions of the Act not addressed in *Presley* were valid and constitutional. That case focused exclusively on § 11-46-6 (1987) along with its predecessor and successor provisions. The validity of other sections in the Sovereign Immunity Act were not at issue. Secondly, the Court declared unconstitutional only part of § 11-46-6. Section 11-46-6 (1987) states:

> This chapter shall apply only to claims or causes of action arising from acts or omissions occurring on or after July 1, 1988, as to the state, and on or after October 1, 1988, as to political subdivisions. Claims or causes of action arising from acts or omissions occurring prior to July 1, 1988, as to the state, or prior to October 1, 1988, as to political subdivisions, shall not be affected by this chapter but shall continued to be governed by the case law governing sovereign immunity as it existed immediately prior to the decision in the *Pruett v. City of Rosedale*, 421 So.2d 1046, and by the statutory law governing sovereign immunity in effect from and after the passage of Chapter 474, Laws of 1985.

¶61. This Court only voided "that portion of the 1987 Act" which reinstates pre-*Pruett* law; i.e., the second sentence of § 11-46-6. The first sentence, which permits the Act to become operative in 1988, remained intact: "This chapter shall apply only to claims or causes of action arising from acts or omissions occurring on or after July 1, 1988, as to the state, and on or after October 1, 1988, as to political subdivision."

¶62. The implicit acceptance of the first sentence in § 11-46-6 cannot be logically reconciled with the holding in *Presley* that it should apply prospectively only. If the first sentence in § 11-46-6 is valid, then its immediate predecessor, the first sentence in Miss.Laws ch. 438 § 6 (1986), must also be valid. Miss.Laws ch. 438 § 6 (1986) begins: This Act ... shall apply only to causes of action that accrue on or after July 1, 1987, as to the state, and on or after October 1, 1987, as to political subdivisions. Gale's claim arose on April 17, 1993. Since the Court has declared void the second sentence of § 11- 46-6 (1987) which purports to shield the defendants from liability for claims arising after October 1, 1987, there is absolutely no reason why Gale should not have a viable claim. Clearly a suit can be brought. There is no statute which the plurality relies upon in this argument which has not been held to be unconstitutional. The same language used to grant immunity in *Presley* was used to block Gale from her day in court.

¶63. Finally, while the plurality takes us on another trip down the all-too-familiar path of proprietary v. discretionary functions, it fails to grasp the fact that the officer committed a **crime** when he ran the red light. The plurality acknowledges that Officer Thomas is not immune from liability under the "enactment and reenactment" of sovereign immunity in § 11-46-3 (1) (Supp. 1998) as it only applies to state and political subdivisions. However, the statute in place at the time of this accident does allow a plaintiff to hold an governmental employee liable for any criminal offenses:

> (2) an employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope

of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation **or <u>any</u> criminal offense**.

(emphasis added).

¶64. This Court recently held in ***[Floyd v. City of Crystal Springs](), No. 1998-KM-01252-SCT, 1999 WL 106327, at \*6 (Miss. Nov. 24, 1999),*** that traffic violations are criminal activity and that a car can be stopped for a criminal activity for investigation: "traffic violations are misdemeanors, and misdemeanors are, technically speaking, 'criminal activity' in that misdemeanors, like felonies, are crimes." Since Officer Thomas committed a crime when he ran a red light, he cannot escape liability under the above statute.

¶65. Today, the plurality falls into the trap of trampling on the basic constitutional rights of Gale and the citizenry of this state. In affirming the lower court's grant of summary judgment this Court blocks Gale's course of redress for the State's wrongs against her, directly in the face of article 3, section 24 of this State's constitution. At the very least, this case should go back for trial against Officer Thomas. A de cision more in line with our Constitution would allow for a full trial against both the officer and the city that employed him. Therefore, I dissent.

## SULLIVAN, P.J., JOINS THIS OPINION.

1. Section 11-46-11 contains a one-year statute of limitations on claims brought under the MTCA, as well as the 90-day notice requirement. Though more than two years passed between the time of the accident and the time the suit was filed, Appellees do not raise the issue of statute of limitations, presumably because such is an affirmative defense that was not pled, and thus waived, before the trial court. Nevertheless, Appellees assert that because the notice requirements are jurisdictional, and subject matter jurisdiction may be raised at any time, even on appeal, they should be allowed to raise the issue of notice at this time.

2. ***Presley v. Mississippi State Highway Comm'n***, 608 So.2d 1288 (Miss.1992); ***Starnes v. City of Vardaman***, 580 So.2d 733, 735 (Miss. 1991); ***McFadden v. State***, 542 So.2d 871, 876-77, fn. 2 (Miss.1989); ***Richardson v. Rankin County Schl. Dist.***, 540 So.2d 5, 7-8 (Miss.1989); ***Webb v. County of Lincoln***, 536 So.2d 1356, 1358-59 (Miss.1988).