963 So.2d 560 (2007)
Richard CLANTON, Appellant
v.
DeSOTO COUNTY SHERIFF'S DEPARTMENT and Sheriff James A. Riley, Appellee.
No. 2005-CA-01453-COA.
Court of Appeals of Mississippi.
January 30, 2007.
Rehearing Denied May 22, 2007.
*561 T. Swayze Alford, attorney for appellant.
David A. Barfield, Jackson, Steven Lloyd Lacey, attorneys for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. Richard Clanton filed a complaint against the DeSoto County Sheriff's Department and Sheriff James A. Riley following his termination from the department. In his complaint, Clanton alleged breach of employment contract, tortious breach of contract, negligent and intentional infliction of emotional distress, intentional interference with employment contract, and breach of implied covenant of good faith and fair dealing. The trial court granted the Sheriff's Department and Riley's motion to dismiss or, in the alternative, motion for summary judgment. Aggrieved, Clanton appeals and asserts that the circuit court erred in granting summary judgment and in finding that he was an at-will employee.
¶ 2. Finding no error, we affirm.

*562 FACTS
¶ 3. On March 7, 2001, Clanton was arrested and charged with grand larceny for allegedly stealing a refrigerator from a Home Depot. At the time of his arrest, Clanton was a law enforcement officer with the Sheriff's Department. Clanton appeared before the Department's supervisory board, pursuant to the operations policy and procedures manual on March 12, 2001. The supervisory board found Clanton guilty of acts of misconduct while off duty and suspended him without pay pending approval by the sheriff. Clanton appealed the supervisory board's decision to the executive board. On March 23, 2001, the executive board suspended Clanton without pay for an indefinite period.
¶ 4. Clanton testified at the hearing on the Department's motion that Sheriff Riley told him, "if you are found not guilty, dismissed, you did nothing wrong, you'll have your job back with no loss of seniority or benefits." Similarly, Janet Taylor, the jail administrator for the Sheriff's Department, testified in her deposition that Sheriff Riley told Clanton that he would be able to get his job back if he got the charges disposed of or dismissed. On the other hand, Sheriff Riley testified in his deposition that he told Clanton that he would get his job back if "he had not done anything wrong."
¶ 5. The charges against Clanton were dismissed on September 13, 2002, for violation of the 270-day rule. The following day, September 14, 2002, Clanton went to the Sheriff's Department to resume his duties. However, upon arrival, Clanton was informed by Commander James Dunn that he was no longer employed with the Sheriff's Department. The Sheriff's Department contends that October 1, 2001, is the date that Clanton was officially terminated; however, Clanton argues that he was not terminated until September 14, 2002. It is undisputed that Clanton did not receive any notice of his termination before September 14, 2002.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. We apply a de novo standard of review to a lower court's grant of summary judgment. Walker v. Whitfield Nursing Ctr., Inc., 931 So.2d 583, 587(¶ 11) (Miss.2006). A court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact. . . ." Id. at 587(¶ 12) (quoting M.R.C.P. 56(c)). "The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non-moving party should be given the benefit of every reasonable doubt." Id. (citing Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990)). "If . . . there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be forthwith entered in his favor. Otherwise, the motion should be denied." Id. at 587-88(¶ 13).
1. Notice of Claim
¶ 7. The Sheriff's Department contends that Clanton failed to timely file his notice of claim prior to filing his complaint, as required by the Mississippi Tort Claims Act (MTCA).[1] Mississippi Code *563 Annotated section 11-46-11(1) (Rev.2002) provides:
After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a claim with the chief executive officer of the governmental entity.
"The notice of claim requirement, `imposes a condition precedent to the right to maintain an action.'" Gale v. Thomas, 759 So.2d 1150, 1159(¶ 33) (Miss.1999). The timely filing of the notice of claim is a jurisdictional prerequisite. Id.
¶ 8. We agree with Clanton that the date of his termination for purposes of the commencement of the statute of limitations was September 14, 2002, the day that he received notice of his termination. It is undisputed that Clanton was suspended without pay on March 23, 2001. It is also undisputed that Clanton had no knowledge of his termination prior to September 14, 2002. Thus, we find that the circuit court erred in determining that the statute of limitations on Clanton's claims began to run on October 1, 2001. In reaching this conclusion, we find that Clanton filed his suit within the statutorily prescribed period according to Mississippi Code Annotated section 11-46-11(3) (Rev.2002), which provides:
All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful, or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim. . . .
¶ 9. However, notwithstanding this finding, we conclude that because Clanton filed his complaint prior to filing his notice of claim with the Sheriff's Department, his tort claims are barred and were properly dismissed by the trial court. In Gale, the Mississippi Supreme Court held that substantial compliance, rather than strict compliance, with the notice provisions of the Mississippi Tort Claims Act, is sufficient. Gale, 759 So.2d at 1159(¶ 33). However, the court also stated, "though substantial compliance with the notice provisions is sufficient, substantial compliance is not the same as, nor a substitute for, non-compliance." Id. In the case at bar, Clanton filed his complaint on July 29, 2003, thirty-seven days before he filed his notice of claim with the Sheriff's Department. Thus, there is no evidence in the record to support a finding that Clanton substantially complied with the notice provisions. Therefore, we find that Clanton's tort claims are procedurally barred due to his failure to comply with the notice provisions of the MTCA.
2. At-Will Employment
¶ 10. When there is no formal contract between an employer and an employee, containing a fixed term of employment, Mississippi follows the common law rule that an employment contract for an indefinite period may be terminated at the will *564 of either party. Kelly v. Miss. Valley Gas Co., 397 So.2d 874, 874 (Miss.1981) (citing Montgomery Ward & Co. v. Skinner, 200 Miss. 44, 25 So.2d 572 (1946)). Although the DeSoto County Sheriff's Department does not have an employee handbook, the Sheriff's Department does abide by an operation and procedures manual. Clanton contends that the rules and regulations established by the Sheriff's Department for the discharge of deputy sheriffs create a binding contract, thus rendering the at-will employee doctrine inapplicable.
¶ 11. Clanton relies on the exception to the at-will employment doctrine established in Bobbitt v. Orchard Ltd., 603 So.2d 356 (Miss.1992). However, we find Clanton's reliance on Bobbitt misplaced. In Bobbitt, the Mississippi Supreme Court held that an employer must follow the manual it publishes and disseminates to its employees when disciplining or discharging employees for misconduct specifically covered by the manual. Id. at 357. In Bobbitt, the court also noted that there was no disclaimer in the employee handbook and held that an employer is required to abide by its manual in the absence of a disclaimer. Id. at 362. However, the court stated in Lee v. Golden Triangle Planning & Dev. Dist., Inc., 797 So.2d 845, 848 (Miss.2001), "[w]here there is something in the employee handbook disclaiming a contract of employment, the rule developed in Bobbitt does not apply." For this reason, we find Bobbitt distinguishable.
¶ 12. Clanton signed two documents, both acknowledging his status as an at-will employee. The document entitled "conditions of employment" states, "I understand and agree that my employment is for no definite period and may be terminated at any time. Further, I understand and agree that my employment, during the first year will be a probation period and can be terminated without a hearing." In addition, the agreement states,
I understand that I have no right to status as an employee of DeSoto County; that my service in the capacity of an employee is strictly at my own will or the will of the sheriff; and that my connection with the DeSoto County Sheriff's Department may be terminated at any time by me or by the sheriff or his designee for good cause, bad cause, or for no reason at all.
¶ 13. Furthermore, the language of the operations policy and procedures manual clearly provides that, "[s]ince all members of the DeSoto County Sheriff's Department serve at the will and pleasure of the Sheriff, the Sheriff must be the final decision maker for all complaints against the department or any member or employee of the department." Thus, clearly Sheriff Riley acted within his authority when he terminated Clanton.
¶ 14. Clanton further contends that Sheriff Riley was the only person with authority to terminate him. To support his argument, Clanton cites Mississippi Code Annotated section 19-25-19 (Rev.2003), which provides, "[e]very sheriff shall have the power to appoint one or more deputies to assist him in the carrying out of the duties of his office . . . to remove them at pleasure, and to fix their compensation." This Court notes that there is nothing in section 19-25-19, that prohibits the sheriff from using a designee to inform an employee of his termination. Commander Dunn, rather than Sheriff Riley, informed Clanton of his termination; however, Sheriff Riley stated in his deposition that his decision to terminate Clanton came as a result of Clanton's indictment by the grand jury. Thus, because we find that Sheriff Riley is the person who in fact terminated Clanton, Clanton's contention that Commander Dunn terminated him in *565 violation of Mississippi Code Annotated section 19-25-19 is without merit. Therefore, the circuit judge did not err in determining that Clanton was an at-will employee.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
NOTES
[1] We note at the outset that Clanton only sued the DeSoto County Sheriff's Department and Sheriff James A. Riley and that all of the allegations against Sheriff Riley were made against him in his official capacity. Therefore, Clanton's suit "was not properly filed under the Mississippi Tort Claims Act." Brown v. Thompson, 927 So.2d 733, 736-37 (¶¶ 9, 12) (Miss.2006). However, since the Sheriff's Department did not raise this issue in the court below or in its brief before this Court, we decline to dismiss this appeal, as we do not find that our jurisdiction is implicated by Clanton's failure to sue Desoto County which should have been joined as a necessary party under the Mississippi Tort Claims Act.