KITCHENS, Justice,
Dissenting:
¶ 18. I agree with the majority and this Court’s precedent that, as it stands, coordinating and supervising high school football practice are discretionary acts within the meaning of Mississippi Code Section 11—46—9(1)(d). Prince v. Louisville Mun. Sell. Dist., 741 So.2d 207 (Miss.1999); Harris v. McCray, 867 So.2d 188 (Miss.2003). However, I respectfully dissent from the majority opinion’s conclusion that the discretionary acts at issue in the present case were grounded in social, economic, or political policy, which would have to have been the case in order for statutory immunity to apply.
¶ 19. It is well-settled that Mississippi Code Section 11—46—9(1)(d) does not bestow immunity for all discretionary governmental acts. See, e.g., Jones v. Miss. Dep’t of Transp., 744 So.2d 256 (Miss.1999); Stewart v. City of Jackson, 804 So.2d 1041 (Miss.2002); Harris v. McCray, 867 So.2d 188 (Miss.2003); Miss.Code Ann. § 11-46-9(1)(d) (Rev.2002). “[O]nly those functions which by ñatee are policy decisions, whether made at the operational or planning level, are protected.” Stewart, 804 So.2d at 1048 (quoting Jones, 744 So.2d at 260). Therefore, it must be determined “whether the [discretionary conduct] involved social, economic or political policy” before a discretionary act qualifies for immunity pursuant to Section 11-46-9. Stewart, 804 So.2d at 1047 (quoting Jones, 744 So.2d at 260); Miss.Code Ann. § 11-46-9 (Rev.2002).
¶ 20. In this case, in order to decide whether qualified immunity pursuant to Section 11-46-9 applies to the school district and its coaches, it must be determined whether the discretionary acts or omissions which led to the tragic death of Lonnie Magee were grounded in social, economic, or political policy. Jones, 744 So.2d at 261.
*9 ¶ 21. Stewart v. City of Jackson, 804 So.2d 1041 (Miss.2002), is helpful in making such a determination. The plaintiff in Stewart alleged that she fell and was injured when a bus driver employed by the City of Jackson failed to assist her into an adult day-care center. Id. at 1047-48. The plaintiff contended that, although the defendant bus driver was acting with discretion when she decided not to assist the plaintiff into the adult day-care center, the acts or omissions of the City of Jackson and the bus driver were not policy-based, and that, therefore, the City of Jackson was not immune pursuant to Section 11-46-9. Id. at 1048.
¶ 22. This Court agreed with the plaintiff, noting that it “must distinguish between real policy decisions implicating governmental functions and simple acts of negligence which injure innocent citizens.” Id. (quoting Gale v. Thomas, 759 So.2d 1150, 1162 (Miss.1999)). The Court held that, because the acts or omissions of the city’s bus driver did not involve real policy decisions implicating governmental functions, the Mississippi Tort Claims Act did not afford immunity protection to the City of Jackson. Id.
¶ 23. Here, it cannot be determined whether the defendant’s discretionary acts were rooted in policy, because the record does not contain sufficient information. Given that this case is before us by way of interlocutory appeal from a partial denial of summary judgment, the plaintiff has not had sufficient opportunity to discover exactly what acts or omissions, if any, caused or contributed to the sudden demise of Lonnie Magee. The record is incomplete, as neither the plaintiff nor this Court knows what the coaches did or did not do on the day of Lonnie’s death.
¶ 24. This Court cannot rule out that some discretionary conduct by some athletic coaches may be comparable to that of the bus driver in Stewart: neither rooted in social, economic, nor political policy nor contemplated by the Legislature when it enacted the MTCA. Given this Court’s precedent and the limited record before us, I am unable to determine whether the relevant acts or omissions of the school district and the coaches of Mount Olive Attendance Center were rooted in social, economic, or political policy. I would hold that the trial judge did not err in denying the school district’s summary judgment motion, and I would remand the case for further proceedings.
GRAVES, P.J., Joins this Opinion.